1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY RAND, JR.,

    Petitioner,

    v.

GEORGE P. GALAZA, Warden,

    Respondents.

CIV-S-01-0770 DFL PAN P

ORDER

    Petitioner's request for habeas relief was denied by the court on March 22, 2005.  On April 12, 2005, within the time allotted by Fed.R.App.P 4(a)(5), petitioner filed a request for an extension of time to file a notice of appeal and a request for a certificate of appealability.  Petitioner asserts that he has been denied access to his legal documents and to the library.

    Good cause having been shown, petitioner's request for an extension of time is GRANTED.  Petitioner shall submit his notice of appeal and request for a certificate of appealability within 10 days of the file date of this order.  Fed.R.App.P 4(a)(5)(C).

1

Petitioner also requests the appointment of counsel to assist in preparing his notice of appeal and request for a certificate of appealability.  There is no entitlement to counsel in habeas cases unless an evidentiary hearing is required. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, the court has discretion to appoint counsel to represent a habeas petitioner.  Id.  In deciding whether to appoint counsel, the court should consider the likelihood of success on the merits, petitioner's ability to articulate his claims, and the complexity of the legal issues involved.  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Here, petitioner is not likely to succeed on the merits, he has successfully articulated his claims, which were evaluated on the merits by the court, and the legal issues involved are not complex.  Therefore, the request for counsel is DENIED.

IT IS SO ORDERED.

DATED: 9/14/2005

_____
DAVID F. LEVI
United States District Judge

2